**ROBINS KAPLAN LLP**
Amy M. Churan (SB #216932)
AChuran@RobinsKaplan.com
Birgit Huber Willand (SB #149893)
BWilland@RobinsKaplan.com
2049 Century Park East, 34th Floor
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile:  (310) 229-5800

Attorneys for Defendant
STARR INDEMNITY & LIABILITY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DUNS CAPITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STARR INDEMNITY & LIABILITY COMPANY and DOES 1 through 10,<br><br>Defendants. | Case No. CV 17-9016-JFW (ASx)<br><br>Assigned to the Hon. John F. Walter<br><br>**DEFENDANT STARR'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Statement of Uncontroverted Facts; Churan Declaration; Klinger Declaration; [Proposed] Judgment*<br><br>Hearing: October 15, 2018, 1:30 p.m.<br>Courtroom: 7A<br><br>Complaint filed: November 3, 2017<br>Jury Trial: December 18, 2018 |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 15, 2018 at 1:30 p.m., or as soon thereafter as this motion may be heard, at the United States District Court, located at 350 West First Street, Courtroom 7A, Los Angeles, CA 90012, Defendant Starr Indemnity & Liability Company ("Starr") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 56 and the applicable local rules, for an order granting summary judgment as to Plaintiff's entire complaint, or in the alternative, partial summary judgment as to Plaintiff's second cause of action for Breach of the Covenant of Good Faith and Fair Dealing and or Plaintiff's punitive damages claim.

The Motion is made on the grounds that there is no genuine issue as to any material fact and that Starr is entitled to judgment as a matter of law because the Policy does not cover Plaintiff's claim and, therefore, Plaintiff cannot prove that Starr breached the insurance contract, a necessary element of both the first cause of action for Breach of Contract and the second cause of action for Breach of the Covenant of Good Faith and Fair Dealing.

In the alternative, there is no genuine issue as to any material fact and Starr is entitled to partial summary judgment as a matter of law as to each of the following issues:

1. Even if the Court determines that there is coverage for Plaintiff's claim, the genuine dispute as to coverage based on the California Court of Appeal decision in *Diep v. California Fair Plan Ass'n*, 15 Cal. App. 4th 1205 (1993) demonstrates that Starr's conduct in denying the claim was made in good faith and on reasonable grounds; and

2. Starr is not liable to Plaintiff for punitive damages because there is no clear and convincing evidence that Starr acted with the requisite oppression, fraud, or malice to support Plaintiff's punitive damages claim.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of John Klinger (Dkt. 35) and Amy Churan (Dkt. 34) and their accompanying exhibits, the Statement of Uncontroverted Facts and Conclusions of Law, the [Proposed] Statement of Decision that will be lodged after defendant's reply brief, the [Proposed] Judgment lodged concurrent herewith, the Court's file on this matter, any fact subject to judicial notice, and upon such and further evidence and argument as may be presented.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place by telephone on August 17, 2018 and in person on September 6, 2018.

DATED: September 10, 2018         **ROBINS KAPLAN LLP**

By: /s/ Amy M. Churan
    Amy M. Churan

**ATTORNEYS FOR DEFENDANT STARR INDEMNITY & LIABILITY COMPANY**

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. UNDISPUTED FACTS ........................................................................................2

III. DISCUSSION .....................................................................................................3

    A.    Whether an Insurance Policy Provides Coverage is a Question of Law and Summary Judgment is Proper Where There is no Coverage ................................................................................................3

    B.    The Water Damage Exclusion Precludes Coverage for Interior Water Damage .....................................................................................4

    C.    There is no Viable Claim for Bad Faith .........................................7

        1.    There can be no bad faith if there is no coverage ........................7

        2.    Starr's Withholding of Policy Benefits was Reasonable as a Matter of Law ..................................................................7

        3.    Summary Judgment must be Granted on Duns Capital's Punitive Damages Because There is no Evidence of Oppressive, Fraudulent or Malicious Conduct ............................9

IV. CONCLUSION ..................................................................................................10

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ace Prop. & Cas. Ins. Co. v. Vegas VP, Ltd. P'ship,*
  No. 2:07-CV-00421-BES, 2008 WL 2001760, 2008 U.S. Dist.
  LEXIS 37495 (D. Nev. May 8, 2008) ................................................................ 6

*Adams v. Allstate Ins. Co.*,
  187 F. Supp. 2d 1207 (C.D. Cal. 2002) ........................................................ 8, 10

*Allstate Ins. Co. v. Madan*,
  889 F. Supp. 374 (C.D. Cal. 1995) .................................................................. 10

*Amedeo v. Principal Mut. Life Ins. Co.*,
  290 F.3d 1152 (9th Cir. 2002) ........................................................................... 9

*American Casualty Co. of Reading, Pennsylvania v. Krieger*,
  181 F.3d 1113 (9th Cir. 1999) ........................................................................... 9

*Bartlome v. State Farm Fire & Casualty Co.*,
  208 Cal. App. 3d 1235 (1989) ........................................................................... 6

*Basich v. Allstate Ins. Co.*,
  87 Cal. App. 4th 1112 (2001) .......................................................................... 10

*Behnke v. State Farm Gen. Ins. Co.*,
  196 Cal. App. 4th 1443 (2011) ......................................................................... 7

*Benavides v. State Farm Gen. Ins. Co.*,
  136 Cal. App. 4th 1241 (2006) ......................................................................... 7

*Brehm v. 21st Century Ins. Co.*,
  166 Cal. App. 4th 1225 (2008) ......................................................................... 7

*Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*,
  90 Cal. App. 4th 335 (2001) ............................................................................. 8

*Cook v. Allstate Ins. Co.*,
  337 F. Supp. 2d 1206 (C.D. Cal. 2004) ............................................................ 7

*Cuevas v. Allstate Ins. Co.*,
   872 F. Supp. 737 (S.D. Cal. 1994) .................................................................. 7

*DeSoto v. Yellow Freight Sys., Inc.*,
   957 F.2d 655 (9th Cir. 1992) .......................................................................... 3

*Diep v. California Fair Plan Ass'n*,
   15 Cal. App. 4th 1205 (1993) ................................................................. 5, 6, 9

*Feldman v. Allstate Ins. Co.*,
   322 F.3d 660 (9th Cir. 2003) .......................................................................... 8

*Franceschi v. American Motorist Insurance Co.*,
   852 F.2d 1217 (9th Cir. 1988) ........................................................................ 9

*Ginda v. Exel Logistics, Inc.*,
   42 F. Supp. 2d 1019 (E.D. Cal. 1999) .......................................................... 10

*Gruenberg v. Aetna Ins. Co.*,
   9 Cal. 3d 566 (1973) ....................................................................................... 7

*Guebara v. Allstate Ins. Co.*,
   237 F.3d 987 (9th Cir. 2001) .......................................................................... 8

*Holesapple v. Aetna Cas. & Sur. Co.*,
   2002 WL 749198, 2002 Cal. App. Unpub. LEXIS 460 (Apr. 29,
   2002) ............................................................................................................... 6

*HotChalk, Inc. v. Scottsdale Ins. Co.*,
   __ F.3d __, 2018 U.S. App. LEXIS 14884, 2018 WL 2473474 (9th
   Cir. June 4, 2018) ........................................................................................... 4

*Lunsford v. Am. Guarantee & Liab. Ins. Co.*,
   18 F.3d 653 (9th Cir. 1994) ................................................................... 8, 9, 10

*McMillin Scripps N. P'ship v. Royal Ins. Co.*,
   19 Cal. App. 4th 1215 (1993) ......................................................................... 7

*Nieto v. Blue Shield of California Life & Health Ins. Co.*,
   181 Cal. App. 4th 60 (2010) ........................................................................... 8

*Paulson v. State Farm Mut. Auto. Ins. Co.*,
   867 F. Supp. 911 (C.D. Cal. 1994) ................................................................. 7

*Powerline Oil Co., Inc. v. Superior Court*,
    37 Cal. 4th 377 (2005) .................................................................................. 4

*Rosen v. State Farm General Ins. Co.*,
    30 Cal. 4th 1070 (2003) ................................................................................ 4

*Slottow v. Am. Cas. Co. of Reading, Pa.*,
    10 F.3d 1355 (9th Cir. 1993) ...................................................................... 10

*Tomaselli v. Transamerica Ins. Co.*,
    25 Cal. App. 4th 1269 (1994) ..................................................................... 10

*Trishan Air v. Fed. Ins. Co.*,
    635 F.3d 422 (9th Cir. 2010) ........................................................................ 8

*Waller v. Truck Ins. Exch., Inc.*,
    11 Cal. 4th 1 (1995) ................................................................................. 4, 7

*Wilson v. 21st Century Ins. Co.*,
    42 Cal. 4th 713 (2007) .................................................................................. 8

**Statutes**

Cal. Civ. Code § 3294, subd. (a) ......................................................................... 9

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Duns Capital, LLC ("Duns Capital") seeks insurance for losses that are clearly and unambiguously excluded under its insurance policy.

In connection with its renovation of loft spaces in downtown Los Angeles, Duns Capital purchased an insurance policy from Defendant Starr Indemnity & Liability Co. ("Starr") that specifically excluded water damage to the interior of the building unless the "building or structure first sustains loss or damage by an insured peril to its exterior walls, windows, vents, doors or roof through which the rain, snow, sleet or ice enters." Starr had offered Duns Capital an endorsement providing $2.5 million in water damage coverage for an additional premium of $4,500, but Duns Capital did not purchase it.

In the winter of 2016/2017, while in the process of replacing the roof of its building, Duns Capital attempted to haphazardly protect its exposed roof from rain with plastic sheeting and other temporary measures. The waterproofing on the permanent roof was not complete when the rain came and, not surprisingly, water entered the building on three separate occasions, damaging the interior of the building, despite the temporary protection.

Duns Capital's claim for interior water damage was properly denied because no part of the "building or structure" suffered damage during any of the three rain events. This is a prerequisite to coverage under the policy that Duns Capital did not meet. The alleged disruption of the tarps does not qualify as damage to the property's "roof" as a matter of law. As such there is no coverage for Duns Capital's insurance claim and Starr is entitled to judgment in its favor as a matter of law. Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing should be dismissed with prejudice.

///

///

## II. UNDISPUTED FACTS

For the purposes of this motion, the following facts are undisputed:[1]

- Duns Capital and Starr entered into a written Builders Risk insurance policy, policy no. SI CON 100703002 ("Policy") regarding the building located at 730 S. Los Angeles Street ("Building"). A true and correct copy of the Policy is submitted herewith as Exhibit "1." (UF #1.)

- The Policy excludes the following from coverage:

  B.   This "Policy" does not insure loss or damage caused by or resulting from the following:

  (10)   "Water Damage" caused by or resulting from rain, snow, sleet or ice whether driven by wind or not to:

  * * *

  (b)   The interior of any building or structure, or property in the building or structure unless;

  1)   The building or structure first sustains loss or damage by an insured peril to its exterior walls, windows, vents, doors or roof through which the rain, snow, sleet or ice enters.

  Exhibit 1 at ¶ B(10), p. 11 ("Water Damage Exclusion"). (UF #2.)

- During the underwriting of Starr Policy, Starr offered Duns Capital an endorsement providing $2.5 million in water damage coverage for an additional premium of $4,500. (UF #3.)

- Duns Capital did not purchase the water damage coverage. (UF #4.)

- The scope of Duns Capital's renovation of the Building included tearing off the asphalt layer of the roof. (UF #5.)

- Rain showers occurred at the Building's location on October 17, 2016;

---

[1] The Statement of Uncontroverted Facts (Dkt. 33) is cited as (UF #__.)

November 20, 2016; and December 23, 2016. (UF #7.)

- At the time of the October 17, 2016; November 20, 2016; and December 23, 2016 rain showers, the new waterproof membrane on the roof was not complete and the concrete slab was exposed (UF #8 and 6.)

- Neither the rains nor any accompanying winds on October 17, 2016; November 20, 2016; and December 23, 2016 damaged the building's building or structure, including its exterior walls, windows, vents, or doors. (UF #9.)

- Prior to each of the rain showers that occurred at the Building location on October 17, 2016; November 20, 2016; and December 23, 2016, Duns Capital, through its contractors, attempted to protect the exposed roof with plastic sheeting. (UF #10.)

- Despite the attempts to protect the exposed roof with plastic sheeting, rain entered the building on October 17, 2016; November 20, 2016; and December 23, 2016, through the exposed roof, after traveling either through or around the plastic sheeting. (UF #11.)

- Neither the rains nor any accompanying winds on October 17, 2016; November 20, 2016; and December 23, 2016 damaged the building's roof structure (as opposed to the tarps Plaintiff's contractor placed on the roof). (UF #12.)

- Starr denied Plaintiff's claim based on the Interior Water Damage Exclusion. (UF #13.)

### III. DISCUSSION

A. <u>Whether an Insurance Policy Provides Coverage is a Question of Law and Summary Judgment is Proper Where There is no Coverage</u>

This diversity case is governed by California law. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). "In rulings on matters of California law, we follow the rulings of the California Supreme Court and, in the absence of such a

1  ruling, attempt to determine how the California Supreme Court would rule if
2  presented with the issue at hand." *HotChalk, Inc. v. Scottsdale Ins. Co.*, __ F.3d __,
3  2018 WL 2473474, at *1, 2018 U.S. App. LEXIS 14884, at *3 (9th Cir. June 4, 2018).

4  "Interpretation of an insurance policy is a question of law." *Rosen v. State
5  Farm General Ins. Co.,* 30 Cal. 4th 1070, 1074 (2003). "While insurance contracts
6  have special features, they are still contracts to which the ordinary rules of contractual
7  interpretation apply." *Id.* (citations omitted). "When interpreting insurance policies,
8  California courts 'look first to the language of the contract in order to ascertain its
9  plain meaning or the meaning a layperson would ordinarily attach to it.'" *HotChalk*,
10 2018 WL 2473474, at *1 (quoting *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18
11 (1995)). "The insurer is entitled to summary adjudication [summary judgment] … if
12 the evidence establishes as a matter of law that there is no coverage." *Powerline Oil
13 Co., Inc. v. Superior Court,* 37 Cal. 4th 377, 390 (2005) (citation omitted); *see also
14 HotChalk*, 2018 WL 2473474, at *1 (affirming award of summary judgment to an
15 insurer where no coverage was available under the policy).

16 B.  The Water Damage Exclusion Precludes Coverage for Interior Water Damage

17 It is undisputed the Policy excludes water damage to the interior of the building
18 unless the "building or structure" first sustains damage by a covered peril through
19 which rain enters the building. (UF #2.) Plaintiff admits that there was no damage to
20 the building's exterior walls, windows, vents, doors. (UF #9.) Although there is no
21 claim of damage to any existing roof structure or member, Plaintiff attempts to
22 manufacture damage to the "building or structure" by claiming that disruption to its
23 temporary tarp is damage to its "roof." (Complaint, at ¶¶5-6.)

24 The resolution of this motion turns on a single question: What is the plain
25 meaning of the policy term "roof" in the context of the water damage exclusion?
26 Fortunately, that question has been definitively answered by the California Court of
27 Appeal.

28 The Policy requires damage to the "building or structure" (UF #2), *i.e.* an

actual roof, not a temporary one. For coverage to apply, the rain event must cause damage to this actual roof or some other exterior structure such that the rain water is allowed to enter.

In *Diep v. California Fair Plan Ass'n*, the court held as a matter of law that plastic sheeting does not satisfy the plain and ordinary meaning of the word "roof." 15 Cal. App. 4th 1205, 1208 (1993). In *Diep,* during a roof repair, the construction company removed a portion of the roof and covered the opening with plastic sheeting. Two rain storms blew open the plastic sheeting and rain entered the building causing damage. The policy provided that the insurance company would not be liable for loss to the interior of the building caused by rain unless the building cover first sustained "an actual damage to roof or walls by the direct action of wind or hail." *Id.*, at 1208.

*Diep* reached its conclusion by determining the "plain and ordinary meaning" of the term "roof" does not include plastic sheeting:

> We could go on, but a roof is commonly considered to be a permanent part of the structure it covers. "Roof" is not an ambiguous or vague word. The plastic sheeting was used here because part of the roof had been removed. The breach in the roof was not caused by wind or hail, but by the workmen who removed that portion of the roof needing repair. . . . [E]veryone connected to this project, including the insured, realized part of the roof was missing, and could not have considered the plastic sheeting constituted anything other than a nonstructural band-aid. The parties to the insurance contract could not have originally intended the result plaintiff seeks here.

*Diep, supra*, 15 Cal.App.4th at 1208-1209.

The same is true in this case. Indeed, the exclusion in *Diep* is functionally identical to the requirement under the Policy in this case that required rain water intrusion to result from "damage by an insured peril to [the building's] exterior walls, windows, vents, doors or roof …." *See* Exhibit 1 at B(10), p. 11 (UF #2.) Here, the roof was removed by Duns Capital, allowing the rain water intrusion. (UF #5.) Duns Capital admits that the rain events never damaged the walls, windows, vents or doors of the building. (UF #9.) Duns Capital's sole claim is that the plastic sheeting installed constitutes a "temporary roof." But Duns Capital's claim ignores the plain

meaning of the term "roof" under California law under *Diep*. See *Bartlome v. State Farm Fire & Casualty Co.*, 208 Cal.App.3d 1235, 1239 (1989) ("If, however, a term in an insurance policy has been judicially construed, it is not ambiguous and the judicial construction of the term should be read into the policy unless the parties express a contrary intent.").

*Diep* remains good law and should be followed by this Court. *See Ace Prop. & Cas. Ins. Co. v. Vegas VP, Ltd. P'ship,* No. 2:07-CV-00421-BES, 2008 WL 2001760, at *7–8, 2008 U.S. Dist. LEXIS 37495, at *18 (D. Nev. May 8, 2008) (applying the reasoning of *Diep* to a builders risk policy and holding: "Any wind damage to the visqueen tarps resulted in damage to temporary weather covering, not the 'roof, windows, or walls.' Accordingly, as to any rainwater that entered through wind-damaged visqueen, the building did not first sustain wind or hail damage to its 'roof, windows, or walls.' Therefore, coverage is excluded."); *see also Holesapple v. Aetna Cas. & Sur. Co.*, 2002 WL 749198, 2002 Cal. App. Unpub. LEXIS 460 (Apr. 29, 2002) (unpublished) (relying on *Diep*'s definition of a "roof" in interpreting an insurance policy).

This interpretation—that the term "roof" in the water damage exclusion refers to the permanent building structure and not a temporary tarp—is the only reasonable interpretation of the plan language of the Policy terms. Further, the companion water damage endorsement, which Duns Capital was offered but did not buy, supports Starr's interpretation of the meaning of the term "roof." Any other reading renders the exclusion worthless and the endorsement unnecessary.

Because the plastic sheeting applied to the building by Duns Capital's contractors likewise does not constitute a "roof" under the terms of the Policy, the Policy does not provide coverage for the damages incurred by Duns Capital as a result of the rain showers on October 17, 2016; November 20, 2016; and December 23, 2016. If there is no coverage under the Policy, there can be no breach. Consequently, Duns Capital cannot prove that Starr breached the Policy, and Starr is entitled to

judgment on Plaintiff's breach of contract cause of action as a matter of law.

C. There is no Viable Claim for Bad Faith

1. There can be no bad faith if there is no coverage

A covenant of good faith and fair dealing is implied in every insurance contract. *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1469 (2011); *Brehm v. 21st Century Ins. Co.*, 166 Cal. App. 4th 1225, 1235 (2008); *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 574 (1973). But a bad faith claim cannot be maintained unless policy benefits are due. *Benavides v. State Farm Gen. Ins. Co.*, 136 Cal. App. 4th 1241, 1250 (2006); *McMillin Scripps N. P'ship v. Royal Ins. Co.*, 19 Cal. App. 4th 1215, 1222 (1993). As a result, if there is no coverage, there can be no bad faith. *See, e.g., Cuevas v. Allstate Ins. Co.*, 872 F. Supp. 737, 740 (S.D. Cal. 1994); *Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1, 36 (1995); *Behnke*, 196 Cal. App. 4th at 1469.

As explained above, there is no coverage under the Starr policy, so summary judgment also must be granted on Plaintiff's bad faith cause of action.

2. Starr's Withholding of Policy Benefits was Reasonable as a Matter of Law

A covenant of good faith and fair dealing is implied in every insurance contract. *E.g., Brehm*, 166 Cal. App. 4th at 1235; *Gruenberg*, 9 Cal. 3d at 573. But the withholding of insurance benefits alone does not demonstrate bad faith. *Behnke*, 196 Cal. App. 4th at 1469; *Cook v. Allstate Ins. Co.*, 337 F. Supp. 2d 1206, 1216 (C.D. Cal. 2004); *Paulson v. State Farm Mut. Auto. Ins. Co.*, 867 F. Supp. 911, 918 (C.D. Cal. 1994).

Rather, an insurer is liable for bad faith only if the plaintiff "show[s] that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibility, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act which unfairly frustrates the agreed common purposes and disappoints the reasonable expectation of the other party thereby

1 depriving that party of the benefits of the agreement." *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001); *see also Nieto v. Blue Shield of California Life & Health Ins. Co.*, 181 Cal. App. 4th 60, 86 (2010).

"Because the key to a bad faith claim is whether denial of a claim was reasonable, a bad faith claim should be dismissed on summary judgment if the defendant demonstrates that there was a 'genuine dispute as to coverage.'" *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003) (applying California law); *see also Trishan Air v. Fed. Ins. Co.,* 635 F.3d 422, 434 (9th Cir. 2010) (applying California law); *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001) (applying California law); *Lunsford v. Am. Guarantee & Liab. Ins. Co.,* 18 F.3d 653, 656 (9th Cir. 1994) (applying California law); *Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207, 1214 (C.D. Cal. 2002). A genuine dispute exists "where the insurer's position is maintained in good faith and on reasonable grounds." *Wilson v. 21st Century Ins. Co.,* 42 Cal. 4th 713 (2007). The Ninth Circuit has determined that under California law a genuine dispute as to coverage may concern either a reasonable factual dispute or an unsettled area of insurance law. *Feldman,* 322 F.3d at 669.

As one court explained: "The 'genuine issue' doctrine is well settled and often used in insurance bad faith actions brought under California law. The Ninth Circuit has frequently affirmed summary judgment orders in bad faith claims where the trial court's ruling was based on a genuine dispute over insurance coverage." *Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d at 1214; *see Guebara*, 237 F.3d at 993 ("The Ninth Circuit has affirmed the dismissal of bad faith claims in numerous cases over the past 17 years because of genuine issues about liability under California law").

Thus, the genuine issue doctrine "allows a district court to grant summary judgment when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable—for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law."

*Amedeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002). As the court in *Amedeo* stated, "summary judgment may be awarded under the genuine issue rule where the insurer reasonably construes ambiguous language in its policy." *Id.*, at 1162.

In *Lunsford*, for example, the Ninth Circuit applied the genuine issue doctrine to affirm a grant of summary judgment where the issue was whether coverage for "malicious prosecution" included a duty to defend against a claim of "abuse of process." *Lunsford*, 18 F.3d at 656. Similarly, in *American Casualty Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1123 (9th Cir. 1999), the court affirmed summary judgment in favor of insurer, finding a genuine dispute as to whether a "sport or athletic contest/event" exclusion applied to bungee jumping. And in *Franceschi v. American Motorist Insurance Co.*, 852 F.2d 1217, 1220 (9th Cir. 1988), the court found no bad faith because a genuine issue existed as to whether a colonoscopy constituted "medical treatment" as those terms were used in a major medical policy.

Here, Starr has not paid any policy benefits to Duns Capital based on the Policy's Interior Water Damage Exclusion and clear California case law set forth in *Diep v. California Fair Plan Ass'n*, 15 Cal. App. 4th 1205, that damage to plastic sheeting is not sufficient to trigger coverage. At a minimum, there is a genuine dispute about the applicability of the policy provisions that Starr has relied on to deny coverage. The existence of this genuine dispute requires the Court to dismiss Plaintiff's bad faith claim on summary judgment.

3. Summary Judgment must be Granted on Duns Capital's Punitive Damages Because There is no Evidence of Oppressive, Fraudulent or Malicious Conduct

Punitive damages are available only where there is "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294, subd. (a). The "clear and convincing evidence" requirement

"emphasize[s] the greater and more convincing proof desired at the trial level." *Tomaselli v. Transamerica Ins. Co.,* 25 Cal. App. 4th 1269, 1287 (1994). This higher standard of proof must be taken into account in ruling on a motion for summary judgment; the evidence and all inferences that can be drawn from the evidence must meet that higher standard. *Ginda v. Exel Logistics, Inc.,* 42 F. Supp. 2d 1019, 1021 (E.D. Cal. 1999); *Basich v. Allstate Ins. Co.*, 87 Cal. App. 4th 1112, 1118-21 (2001).

The Ninth Circuit has made clear that a good faith dispute over insurance coverage precludes punitive damages as a matter of law:

> Disagreement over insurance coverage—so long as the issues disputed are bona fide—is an ordinary cost of doing business. Nothing in California law suggests a refusal to provide coverage as requested by an insured, when the refusal is supported by a reasonable, good faith argument, can form the basis for punitive damages.

*Slottow v. Am. Cas. Co. of Reading, Pa.,* 10 F.3d 1355, 1362 (9th Cir. 1993).

Here, Duns Capital cannot survive summary judgment on its bad faith claim. And "a plaintiff who is not able to survive summary judgment on an insurance bad faith claim, is also unable to survive summary judgment on a related claim for punitive damages." *Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207, 1219 (C.D. Cal. 2002); *see Lunsford*, 18 F.3d at 656 (applying California law); *Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 382 (C.D. Cal. 1995). Thus, summary judgment also must be granted on Duns Capital's punitive damages claim.

Regardless of how the Court rules on the bad faith claim, summary judgment on Plaintiff's punitive damage claim is appropriate for two reasons. First, at a minimum, the evidence set forth above establishes that there is a bona fide dispute over insurance coverage that precludes punitive damages as a matter of law. *See Slottow*, 10 F.3d at 1362. Second, Plaintiff has no evidence, let alone the required clear and convincing evidence, of any oppressive, fraudulent, or malicious conduct on Starr's part.

## IV.  CONCLUSION

Based on the foregoing, defendant Starr Indemnity & Liability Co. respectfully submits that it is entitled to judgment as matter of law on all of Plaintiff's claims. Defendant Starr therefore requests that the Court grant its motion for summary judgment and dismiss all of Plaintiff's claims. In the alternative, defendant Starr requests that the Court grant partial summary judgment as to Plaintiff's Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing and any punitive damages claim.

DATED: September 10, 2018         **ROBINS KAPLAN LLP**

By: /s/ Amy M. Churan
    Amy M. Churan

**ATTORNEYS FOR DEFENDANT STARR INDEMNITY & LIABILITY COMPANY**